# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEPHEN LOUIS SHERMOND BUFORD**  **PLAINTIFF**
**ADC #116840**

V.  NO. 4:22-cv-01212-LPR-ERE

**RODNEY D. BROWN,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Stephen Louis Shermond Buford, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his original complaint, Mr. Buford alleged that, on February 28, 2022: (1) Sergeant Brandon Higgins and Lieutenant Lorrenetta Smith confiscated his personal property; (2) Sergeant Higgins used derogatory language and called him racist names; and (3) Captain Rodney Brown and Lieutenant John Martin used excessive force against him. In addition, Mr. Buford explained that, for the three or four days following the February 28, 2022 incident, unidentified ADC staff members: (1) failed to provide him medical care; (2) turned off the water in his cell; and (3) confiscated his mattress and blanket.

In a December 7, 2022 Order, the Court explained that, while Mr. Buford stated excessive force claims against Defendants Brown and Martin, it was unclear whether Mr. Buford also sought to proceed on a related medical deliberate-indifference claim against unidentified ADC staff members. Accordingly, the Court

postponed the screening process mandated by 28 U.S.C. § 1915A[1] to give Mr. Buford an opportunity to file an amended complaint clarifying his claims. *Doc. 4*. Mr. Buford has now filed an amended complaint. *Doc. 7*.

In his amended complaint, Mr. Buford identifies Nurse Sharon Rollans as a Defendant and explains that she failed to provide him medical treatment following the underlying incident. In addition, Mr. Buford: (1) complains that Defendants Brown and Martin failed to provide him medical treatment following the incident; and (2) abandons his claims against Sergeant Brandon Higgins and Lieutenant Lorrenetta Smith by failing to identify them as Defendants.[2]

For screening purposes, Mr. Buford has stated: (1) an excessive force claim against Defendants Rodney D. Brown and John Martin; and (2) medical deliberate indifference claims against Defendants Brown, Martin, and Sharon Rollans. The Court previously issued service for Mr. Buford's excessive force claims against

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Court previously warned Mr. Buford that an amended complaint would supersede the original complaint. *Doc. 4 at 3* (citing *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect)).

Defendants Brown and Martin.[3] The Court now will issue service for Mr. Buford's medical deliberate indifference claim against Defendant Sharon Rollans.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare a summons for Defendant Sharon Rollans.

2. The United States Marshal is directed to serve Defendant Rollans with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 2,7*), without requiring prepayment of fees and costs or security. Service for Defendant Rollans should be attempted through Humphries, Odom, & Eubanks, 1901 Broadway Street, Little Rock, Arkansas 72206.

Dated this 17th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court previously recommended that Mr. Buford's claim that Defendants Brown and Martin violated his constitutional rights by allowing him to be housed in a cell without running water, a mattress or blanket for three days be dismissed based on his failure to state a plausible constitutional claim for relief. *Doc. 8*.